UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES DEL SYENS,

    Plaintiff,

v.                                          CASE No. 8:11-CV-1040-T-23TGW

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

    Defendant.

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[2] Because the Commissioner of Social Security improperly used the medical-vocational guidelines in determining that the plaintiff is not disabled, I recommend that the

---

[1]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

[2]Although the record contains an application for supplemental security income (see Tr. 206-09), the law judge's decision mentions only an application for disability insurance benefits, and his determination is limited to whether the plaintiff was disabled between the onset date and the date he was last insured in 2008. Although the plaintiff's memorandum references more recent evidence, the plaintiff does not argue that the law judge's determination was erroneous in this respect.

Commissioner's decision be reversed, and the matter remanded for further proceedings.

I.

The plaintiff, who was forty-five years old on the date he was last insured and who has at least a high school education (Tr. 206, 222, 232, 448), has worked as a construction worker and a house builder (Tr. 120, 121). He filed a claim for Social Security disability benefits, alleging that he became disabled due to heart disease and diverticulitis (Tr. 226). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that, through the date last insured of December 31, 2008, the plaintiff had severe impairments of "history of heart disease with bypass surgery, atypical chest pain of unknown etiology, diverticulitis, and fatigue" (Tr. 19). The law judge determined that, despite these impairments, the plaintiff could perform work through the date last insured, as follows (Tr. 21):

> [T]he claimant had the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b). The claimant can

> occasionally lift and/or carry (including upward pulling) 20 pounds and frequently lift and/or carry (including upward pulling) 10 pounds. He can sit, stand, and/or walk (with normal breaks) about six hours each in an eight hour workday. The claimant can never climb ladders, ropes, or scaffolds but can perform all other postural movements on at least an occasional basis. Further, the claimant has no manipulative, communicative, visual, environmental, or mental limitations.

The law judge concluded that these limitations prevented the plaintiff from returning to past work (Tr. 23). However, the law judge found that, based upon the plaintiff's residual functional capacity, age, education, and work experience, the medical-vocational guidelines directed a finding that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental

impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). In this case, the plaintiff must show that he became disabled before his insured status expired on December 31, 2008, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The administrative law judge decided the plaintiff's claim under regulations designed to incorporate vocational factors into the determination of disability claims. See 20 C.F.R. 404.1569. Those regulations apply in cases where an individual's medical condition is severe

enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 404.1569a. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. Id.

### III.

The plaintiff challenges the law judge's decision on three grounds, although the first two grounds are essentially the same (Doc. 24, pp. 12, 16, 19). Thus, the plaintiff argues that the law judge's credibility determination was inadequate, and that the law judge should have obtained the opinion of a vocational expert to determine whether there was work in the

national economy that the plaintiff could perform, instead of relying upon the guidelines (id.).[3] The latter argument has merit.

The law judge indicated that the plaintiff could perform the full range of light work (Tr. 21). However, he included in his findings of the plaintiff's residual functional capacity several limitations (id.). The plaintiff therefore argues that the law judge was required to seek the opinion of a vocational expert because "it is only when the Plaintiff can clearly do unlimited types of work that it is unnecessary to call a vocational expert to establish whether the Plaintiff can perform work which exists in the national economy" (Doc. 24, p. 20; quoting Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995)). The plaintiff is correct.

In the Eleventh Circuit, "[e]xclusive reliance on the grids is not appropriate either when [a] claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." Francis v. Heckler,

---

[3]The plaintiff included in his memorandum a request for oral argument due to the alleged complexity of the issues presented by this case (Doc. 24, p. 1). After considering the parties' memoranda and the record, it has been determined that oral argument is not warranted.

749 F.2d 1562, 1566 (11th Cir. 1985). In this case, the law judge's findings reflect several nonexertional impairments. Eleventh Circuit decisions establish that, in light of the plaintiff's nonexertional limitations, the law judge could not rely upon the grids, but was required to employ a vocational expert.

In <u>Allen</u> v. <u>Sullivan</u>, 880 F.2d 1200 (11th Cir. 1989), a law judge found that the claimant had nonexertional limitations concerning performing complex tasks and tolerating extraordinary stress. The law judge found that these limitations reduced the full range of light work only slightly and therefore applied the grids to determine that the plaintiff was not disabled. <u>Id</u>. at 1201. The Eleventh Circuit concluded that this was reversible error. Quoting <u>Ferguson</u> v. <u>Schweiker</u>, 641 F.2d 243, 248 (5th Cir. 1981)(emphasis in original), the court stated (880 F.2d at 1202):

> "It is only when the claimant can clearly do <u>unlimited</u> types of light work, ... that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."

The Eleventh Circuit reached a similar conclusion in <u>Marbury</u> v. <u>Sullivan</u>, 957 F.2d 837 (11th Cir. 1992), a case cited by the plaintiff. There,

a law judge found that a claimant had a nonexertional limitation regarding working around unprotected heights or dangerous moving machinery. Id. at 839. He concluded that the claimant could perform a wide range of light work and, therefore, it was unnecessary to call a vocational expert. Id. The court of appeals reversed, citing the foregoing quotation from Ferguson v. Schweiker and Allen v. Sullivan. The court added (id.)(emphasis in original):

> Under the ALJ's findings it is evident that claimant was not able to do <u>unlimited</u> types of light work, because he was precluded from work around unprotected heights or dangerous moving machinery. Expert testimony was therefore required to determine whether Marbury's limitations were severe enough to preclude him from performing a wide range of light work. Allen, 880 F.2d at 1202. An ALJ's conclusion that a claimant's limitations do not significantly compromise his basic work skills or are not severe enough to preclude him from performing a wide range of light work is not supported by substantial evidence unless there is testimony from a vocational expert. Id. It was therefore error to rely upon the grids. Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985).

See also Welch v. Bowen, 854 F.2d 436 (11th Cir. 1988).

In this case, the law judge found that the plaintiff "can never climb ladders, ropes, or scaffolds" and all other postural movements were

limited to "at least an occasional basis" (Tr. 21).[4] Such restrictions are considered nonexertional limitations. 20 C.F.R. 404.1569a(c)(vi). Therefore, the use of the grids was improper and a vocational expert was required.

It is noted that, in applying the grids, the law judge said that the plaintiff had the residual functional capacity for a full range of light work (Tr. 23). However, the law judge's finding that the plaintiff had nonexertional limitations (Tr. 21) is inconsistent with this statement. In all events, Marbury v. Sullivan and Allen v. Sullivan demonstrate that a law judge's conclusory statement about a plaintiff's range of work is insufficient to permit use of the grids.

The Commissioner contends that Social Security Rulings 83-14 and 85-15 indicate that the plaintiff's particular limitations do not erode significantly the grid's occupational base and therefore do not preclude the law judge from concluding that the plaintiff can perform the full range of light work (Doc. 25, pp. 15-16). See 1983 WL 31254 (S.S.A.), 1985 WL 56857 (S.S.A.). This contention is unavailing because the Eleventh Circuit

---

[4]According to the Residual Functional Capacity Assessment form, postural movements are climbing, balancing, stooping, kneeling, crouching, and crawling (see Tr. 911).

decisions of <u>Marbury</u> v. <u>Sullivan</u> and <u>Allen</u> v. <u>Sullivan</u> are binding on this court. In contrast, Social Security Rulings do not have the force of law and are not binding on the courts. <u>Miller</u> v. <u>Commissioner of Social Security</u>, 246 Fed. Appx. 660, 662 (11th Cir. 2007). Furthermore, Social Security Ruling 85-15 acknowledges that the services of a vocational expert may be necessary when the effects of an individual's limitations are uncertain. See 1985 WL 56857 at *6.

Notably, there was a vocational expert present at the administrative hearing. However, he simply testified at the beginning of the hearing about the plaintiff's work history (Tr. 120). Inexplicably, the vocational expert was not asked at the end of the hearing a hypothetical question whether there were jobs in the national economy that a person with the plaintiff's residual functional capacity, age, and education could perform. That is the typical practice – at least around here. That inquiry could have been quickly done, and it would have easily avoided the reversible error of reliance on the grids.

For the foregoing reasons, the law judge erred in relying exclusively on the medical-vocational guidelines and in failing to obtain the

testimony of a vocational expert concerning the jobs that the plaintiff could perform in the national economy with his limitations.

The plaintiff's other challenges concern the law judge's credibility determination. He argues that the law judge did not consider adequately his subjective complaints of chest pain, fatigue, side effects from medications (which he testified at the administrative hearing included dizziness and nausea), and his use of a TENS unit (Doc. 24, pp. 14, 15, 19; see Tr. 125).

In view of the remand which will require another administrative hearing, the subsequent decision will in all likelihood contain a different statement of a credibility finding. Under these circumstances, it is appropriate to pretermit any assessment of the credibility finding in the current decision.

Nevertheless, two points raised by the plaintiff in his credibility arguments should be mentioned so that they can be addressed on remand to eliminate challenges in the future. Thus, the plaintiff testified that he had side effects from medication and that the law judge did not adequately discuss that problem. The Commissioner argues in his memorandum that the record does

not show that the plaintiff's medication caused significant side effects (Doc. 25, pp. 10, 11). However, the Commissioner's post hoc rationalizations cannot sustain an administrative decision. Any such statements need to be in the decision itself.

Further, the plaintiff in his arguments mentions his complaints of fatigue, although only in passing (Doc. 24, p. 19). The law judge found that fatigue was a severe impairment, which means it imposes a significant limitation. 20 C.F.R. 404.1521(a). What is unclear from the current decision is what is the significant limitation in the residual functional capacity that relates to fatigue. That lack of clarity also presents a potential problem that could be eliminated on remand by a pertinent explanation.

For the foregoing reasons, the decision of the Commissioner erroneously relies upon the grids. I, therefore, recommend that the decision be reversed and the matter remanded for further proceedings.

Respectfully submitted,

THOMAS G. WILSON
DATED: SEPTEMBER 18, 2012    UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1)